The decision of the Official Referee is contrary to the evidence. The proof establishes the fact that plaintiff did not acquiesce in the provision in the separation agreement limiting his compensation to $5,000, except in respect of recovery from the trust fund. Instead, and before execution of that agreement, plaintiff affirmatively stated to defendant that the employment contract subsisted. Defendant did not differ or claim that the separation agreement would be executed by her only on the basis of the $5,000 limitation in the separation agreement. She reaffirmed the employment contract by paying $1,000 on account of balance due thereunder, in addition to the $6,000 already paid and to be paid under the separation agreement. The dismissal of the prior proceeding for determination of a lien, on the ground that there was no res, contained no findings necessary to that determination which would bar plaintiff from prosecuting the present action. Benefits to the wife by reason of services of plaintiff consist, on the proof adduced, in addition to the $100,000 trust fund, only of the excess of $200 over the usual support money furnished defendant for the month of February, 1948. Considering all factors bearing on the value of the trust fund and the proof which, insofar as helpful, is necessarily of mathematical and undisputed nature, the value of that trust fund as of date of its creation is $88,000. Judgment is granted on the foregoing basis, together with allowance of undisputed disbursements in the sum of $179. Findings of fact inconsistent with the foregoing are reversed and conclusions of law disapproved. New findings and conclusions will be made. Carswell, Adel, Sneed and Wenzel, JJ., concur; Nolan, P. J., not voting. Settle order on notice.